**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WIRA REAGAN KOJONGIAN, | No. 12-70712 |
| Petitioner, | Agency No. A078-020-340 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Wira Reagan Kojongian, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his motion to

reconsider and/or reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reconsider or reopen,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Kojongian's motion to reconsider as untimely because it was filed more than 30 days after the BIA's decisions. *See* 8 C.F.R. § 1003.2(b)(2).

Further, the BIA did not abuse its discretion in denying the motion, construed as a motion to reopen, as untimely and number-barred because Kojongian filed the second motion over four years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Kojongian failed to demonstrate changed circumstances in Indonesia to qualify for the regulatory exception to the time and number limitations, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 988-89 (9th Cir. 2010).

The BIA also considered Kojongian's claims in light of the court's decisions in *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009), and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), and concluded that Kojongian failed to demonstrate exceptional circumstances to warrant reopening under the its sua sponte authority. We lack jurisdiction to review the BIA's decision not to reopen under its sua sponte authority. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

Finally, we reject Kojongian's requests that the court reconsider its stance regarding a pattern or practice of persecution or require the BIA to reconsider his motion on this basis.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

12-70712